IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **CHAUNCIL-DANIELLE,** | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil No. **3:22-CV-2176-L-BN** |
| | § | |
| **KENNETH S. HARTER, et al.,** | § | |
| | § | |
| | § | |
| Defendants. | § | |

## ORDER

The Findings, Conclusions and Recommendation of the United States Magistrate Judge ("Report") (Doc. 7) was entered on October 6, 2022, recommending that the Petition for Injunction ("Petition") (Doc. 3) filed by pro se Plaintiff Chauncil-Danielle ("Plaintiff"), who does not provide a last name, be dismissed for lack of subject matter jurisdiction. In the Petition, Plaintiff sought injunctive relief for an alleged trespass by Defendants. Plaintiff did not file objections to the Report, and the time to do so has passed. The court notes that on the day the Report was entered, Plaintiff filed by mail a Notice that appears to question the Defendants' authority to retain legal counsel. Doc. 8. The court determines that the Notice is not an objection to the Report but rather a continued assertion of Plaintiff's claims that does not cure the subject matter deficiencies identified in the Report.

Having considered the Petition, Report, file, Plaintiff's Notice, and record in this case, the court determines that the magistrate judge's finding and conclusions in the Report are correct, and **accepts** them as those of the court. Accordingly, the court **dismisses without prejudice** this action for lack of subject matter jurisdiction.

The court prospectively **certifies** that any appeal of this action would not be taken in good faith. *See* 28 U.S.C. § 1915(a)(3); Fed. R. App. P. 24(a)(3). In support of this certification, the court **incorporates** by reference the Report. *See Baugh v. Taylor*, 117 F.3d 197, 202 and n.21 (5th Cir. 1997). Based on the magistrate judge's Report, the court concludes that any appeal of this action would present no legal point of arguable merit and would therefore be frivolous. *Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983). In the event of an appeal, Plaintiff may challenge this certification by filing a separate motion to proceed *in forma pauperis* on appeal with the clerk of the United States Court of Appeals for the Fifth Circuit. *See Baugh*, 117 F.3d at 202; Fed. R. App. P. 24(a)(5).

**It is so ordered** this 25th day of October, 2022.

_Sam A. Lindsay_
Sam A. Lindsay
United States District Judge